IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VFS LEASING CO.,<br><br>        Plaintiff,<br><br>   v.<br><br>USASIA CASINO TOURS/ENTERTAINMENT, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-02941-SC<br><br>ORDER GRANTING MOTION FOR <u>ATTORNEY'S FEES AND COSTS</u> |

Now before the Court is Plaintiff VFS Leasing Co.'s ("VFS") motion for attorney's fees and costs. Defendants have never appeared or participated in this litigation, and the Court entered default judgment against them and in favor of VFS on January 6, 2015. ECF Nos. 22, 23. Nor have Defendants filed any opposition to the motion, which the Court took under submission without oral argument on March 4, 2015. <u>See</u> ECF No. 26.

VFS seeks $625.00 in costs, for the $400 filing fee and $225 in costs to serve Defendants. See ECF No. 24-1 ("Morton Decl.") ¶ 16. The Court finds that VFS is entitled to recover its costs

expended in this litigation.

Regarding attorney's fees, both the master lease agreement and guaranty at issue in this case provide for the recovery of attorney's fees in the event of a dispute. The master lease agreement permits the recovery of "reasonable attorney's fees and expenses" in the event of "any dispute between the parties." Morton Decl. Ex. A1 at 4. It also permits the lessor (VFS) to recover "all costs and expenses, including attorney's fees, incurred by Lessor in the enforcement of its rights and remedies" in the event of a default. Id. Defendants' guarantors also agreed that "[i]n the event of any dispute regarding this Guarranty, Guarantor agrees to pay all costs and expenses of the Creditor [VFS] (including reasonable attorneys' fees and expenses)." Morton Decl. Ex. B at 1. Therefore, the Court finds that VFS is entitled to recover its reasonable attorney's fees.

The Court agrees with VFS that the lodestar method is the proper means of calculating the fees VFS may recover. See Meister v. Regents of Univ. of Cal., 67 Cal. App. 4th 437, 446 (Cal. Ct. App. 1998) (finding that the "trial court was required to utilize the lodestar method" where "no other method of calculation was provided for"). No other method of calculation is provided for in this case; the basis for the recovery of attorney's fees is contractual, and the relevant contracts do not specify a preferred method. Under the lodestar method, the fee award is calculated "by computing a 'touchstone' amount based on a careful compilation of the time spent and reasonable hourly compensation and augmenting or diminishing this touchstone amount based on a number of relevant factors." Id. (internal quotation marks omitted).

1  VFS seeks $4,986.50 in fees, based on 12 hours of attorney
2  time at $290 per hour (for a total of $3,480), and 13.1 hours[1] of
3  paralegal time at $115 per hour (for a total of $1506.5€).  In
4  support of that claim, it has submitted a summary of its time spent
5  on the case, as well as the hourly rate of each attorney or
6  paralegal who worked on the case.  Morton Decl. Ex. 2.  The Court
7  finds VFS's request to be reasonable, both in terms of the time its
8  attorneys and staff spent on the litigation and the rates they
9  charged.
10  For the reasons set forth above, VFS' motion is GRANTED.  VFS
11  shall submit its bill of costs within fourteen (14) days of the
12  signature date of this Order, or risk waiving its costs award.

14  IT IS SO ORDERED.

16  Dated: March 26, 2015

17                                          UNITED STATES DISTRICT JUDGE

---

[1] The Morton Declaration itself inexplicably states that only 8.8 hours of paralegal time were expended on the case.  See Morton Decl. ¶ 15.  At an hourly rate of $115, that would come to a total of $1,012, about $500 less than VFS requests.  However, the Court's review of VFS' attorneys' time sheets reveals that 13.1 hours of paralegal time were actually expended on this case.  See id. Ex. 2.  At an hourly rate of $115, that comes to a total of $1,506.50, the amount VFS requests.

3